22

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1 RITA SHABA,
D-2 SAMER KAMMO,

        Defendants.

_____/

Case: 2:23-cr-20296
Judge: Friedman, Bernard A.
MJ: Patti, Anthony P.
Filed: 05-24-2023
INDI USA VS SEALED MATTER (DP)

Violations:
18 U.S.C. §§ 2, 371, 1014,
1028(A), 1343, 1344, 1349

## **INDICTMENT**

THE GRAND JURY CHARGES:

## **GENERAL ALLEGATIONS**

At times relevant to this Indictment:

### Paycheck Protection Program

1.     The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.  One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses, through a program referred

to as the Paycheck Protection Program ("PPP"). In or around April 2020, Congress authorized over $300 billion in additional PPP funding.

2.    In order to obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which is signed by an authorized representative of the business. The PPP loan application requires the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) must state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures are used to calculate the amount of money the small business is eligible to receive under the PPP. In addition, businesses applying for a PPP loan often provided documentation supporting their purported payroll expenses.

3.    A PPP loan application had to be processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which were generally guaranteed by Small Business Administration ("SBA"). Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

4.    PPP loan proceeds were required to only be used by the business on certain permissible expenses—generally payroll costs, interest on mortgages, rent, utilities

and other explained business expenses.  The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time after receiving the proceeds.

5.    The Defendants

6.    Defendant RITA SHABA ("SHABA") was a resident of the Eastern District of Michigan.

7.    Defendant SAMER KAMMO ("KAMMO") was a resident of the Eastern District of Michigan.

Purpose of the Scheme to Defraud and Obtain

8.    The purpose of the scheme to defraud and obtain was for the defendants to obtain money and enrich themselves by, among other things, inducing financial institutions and other third-party lenders, through materially false and fraudulent representations and pretenses, to issue improper PPP loans, and then diverting those loan proceeds to impermissible uses.

The Scheme to Defraud and Obtain

9.    As part of the scheme to defraud and obtain, the defendants caused materially false and fraudulent representations to be made to financial institutions and other third-party lenders, including materially false and fraudulent representations relating to the purported entitlement of various business entities to PPP loan assistance.  PPP

3

loan assistance funds issued because of the materially false and fraudulent representations were then received by the defendants and used for impermissible purposes.

10.    As part of the scheme to defraud and obtain, the defendants caused:

  a. Misrepresentations to be made regarding purported payroll expenditures by various business entities;

  b. Misrepresentations to be made regarding the purported number of employees of various business entities;

  c. Misrepresentations to be made regarding the purported nature of business activity for various business entities;

  d. Misrepresentations to be made regarding the purported purpose of PPP loan requests for various business entities;

  e. False certifications to be made indicating that PPP loan proceeds would only be used for permissible business-related purposes;

  f. False certifications to be made indicating that various non-operational business entities were operational and that those entities paid employee salaries;

  g. Fictitious payroll records to be created and submitted to financial institutions and other third-party lenders;

h. Fictitious health insurance records to be created and submitted to financial institutions and other third-party lenders;

i. Fictious bank records to be created and submitted to financial institutions and other third-party lenders; and

j. Fictitious tax records to be created and submitted to financial institutions and other third-party lenders.

<u>Interstate Wires</u>

11. In furtherance of the scheme to defraud and obtain, the defendants caused interstate wire transfers to be made, including interstate wire transfers of PPP assistance funds.

## **COUNT ONE**

**(18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud and Bank Fraud)**

12. The allegations in Paragraphs 1 – 10 are hereby realleged and incorporated by reference as though fully set forth herein.

13. From at least in or around approximately April 2020, through at least in or around approximately December 2020, in the Eastern District of Michigan, and elsewhere, the defendants,

**D-1 RITA SHABA**
**D-2 SAMER KAMMO**

along with others known and unknown, did knowingly, intentionally, and willfully combine, conspire, confederate, and agree to commit certain offenses, that is,

5

a. to violate Title 18, United States Code, Section 1343, that is, to knowingly and willfully, and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and to knowingly transmit and cause to be transmitted, by means of wire communications in interstate commerce, writings, signs, signals, pictures, and sounds, for the purposes of executing such scheme and artifice.

b. to violate Title 18, United States Code, Section 1344(2), that is to knowingly execute a scheme and artifice to obtain moneys and funds under the custody and control of financial institutions whose deposits were insured by the Federal Deposit Insurance Corporation, by means of materially false and fraudulent pretenses, representations, and promises.

### Object of the Conspiracy

14.    The object of the conspiracy was the same as the purpose of the scheme to defraud and obtain set forth in Paragraph 7 of this Indictment, which is realleged and incorporated by reference as though fully set forth herein.

### Manner and Means of the Conspiracy

6

15.     In furtherance of this conspiracy, and to accomplish its object, the methods, manner, and means that were used are described in Paragraphs 1 through 10 of this Indictment and are realleged and incorporated by reference as though fully set forth herein.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH FIVE

### (18 U.S.C. §§ 1343 and 2—Wire Fraud)

16.     The allegations contained in Paragraphs 1 through 14 are hereby realleged and incorporated by reference as though fully set forth herein.

17.     From at least in or around approximately April 2020, through at least in or around approximately December 2020, in the Eastern District of Michigan, and elsewhere, the defendants, as specified below, did knowingly, willfully, and with the intent to defraud, having devised and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing such pretenses, representations, and promises were false and fraudulent when made, transmit and cause to be transmitted, by means of wire, radio, and television communication, writings, signals, pictures, and sounds in interstate and foreign commerce for the purposes of executing such scheme and artifice.

### Purpose of the Scheme and Artifice to Defraud

7

18.     The Grand Jury realleges and incorporates by reference Paragraph 7 of this Indictment as though fully set forth herein as a description of the purpose of the scheme and artifice.

### The Scheme and Artifice to Defraud

19.     The Grand Jury realleges and incorporates by reference paragraphs 1 through 10 of this Indictment as though fully set forth herein as a description of the scheme and artifice.

### Use of the Wires

20.     On or about the dates specified as to each count below, the specified defendants, in the Eastern District of Michigan and elsewhere, for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, did knowingly transmit and cause to be transmitted, by means of wire, radio, and television communication, writings, signals, pictures, and sounds in interstate and foreign commerce for the purposes of executing such scheme and artifice, as set forth below:

| Count | Defendant(s) | Approximate Date | Description of Wire Communication |
|-------|--------------|------------------|-----------------------------------|
| 2 | RITA SHABA SAMER KAMMO | May 28, 2020 | Transfer of Approximately $557,807.00 in PPP Loan Funds for Wireless Plus Cellular, LLC |
| 3 | RITA SHABA | May 28, 2020 | Transfer of Approximately $561,450 in PPP Loan Funds for Queen of the Green |

8

| 4 | RITA SHABA SAMER KAMMO | June 18, 2020 | Transfer of Approximately $388,542.00 in PPP Loan Funds for W Shallal LLC |
| 5 | RITA SHABA SAMER KAMMO | June 25, 2020 | Transfer of Approximately $386,667.50 in PPP Loan Funds for JD Hydro, LLC |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS SIX THROUGH EIGHT

## (18 U.S.C. §§ 1344(2) and (2)—Bank Fraud)

21.    Paragraphs 1 through 10 of this Indictment are realleged and incorporated by reference as though fully set forth herein

22.    On or about the dates specified as to each count below, in the Eastern District of Michigan and elsewhere, the defendants, as specified below, did knowingly execute a scheme and artifice to obtain moneys and funds under the custody and control of, financial institutions, by means of materially false and fraudulent pretenses, representations, and promises.

### Purpose of the Scheme and Artifice to Obtain

23.    The grand jury realleges and incorporates by reference Paragraph 7 of this Indictment as though fully set forth herein as a description of the purpose of the scheme and artifice.

## The Scheme and Artifice to Obtain

24.     The grand jury realleges and incorporates by reference Paragraphs 1 through 10 of this Indictment as though fully set forth herein as a description of the scheme and artifice.

## Execution of the Scheme and Artifice

25.     On or about the dates specified as to each count below, in the Eastern District of Michigan, and elsewhere, the defendants did execute, and cause the execution of, the aforesaid scheme and artifice to obtain monies and funds under the custody and control of the specified financial institutions, as that term is defined in Title 18, United States Code, Section 20:

| Count | Defendant(s) | Approximate Date | Financial Institution | Description of Execution |
|---|---|---|---|---|
| 6 | RITA SHABA SAMER KAMMO | May 2020 | Celtic Bank | Submission of False and Fraudulent PPP Application and Supporting Documents for D&H Market, Inc. |
| 7 | RITA SHABA | May 2020 | Cross River Bank | Submission of False and Fraudulent PPP Application and Supporting Documents for Green Gold Rush LLC |
| 8 | RITA SHABA SAMER KAMMO | July 2020 | First Home Bank | Submission of False and Fraudulent PPP Application and Supporting Documents for Different Flavors 14355, Inc. |

All in violation of Title 18, United States Code, Sections 1344(2) and 2.

## COUNT NINE

### (18 U.S.C. § 371—Conspiracy to Commit an Offense Against the United States)

26.     From at least in or around May 2020, through at least in or around December 2020, in the Eastern District of Michigan, and elsewhere, the defendants,

**D-1 RITA SHABA**
**D-2 SAMER KAMMO**

knowingly and intentionally conspired and agreed together and with each other and with other individuals known and unknown to the grand jury to commit an offense against the United States, that is, a violation of Title 18, United States Code, Section 1014, by knowingly making a false statement to a financial institution the accounts of which were insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the action of that institution in connection with a loan.

### Object of the Conspiracy

27.     The object of the conspiracy was the same as the purpose of the scheme to defraud set forth in Paragraph 7 of this Indictment, which is realleged and incorporated by reference as though fully set forth herein.

### Manner and Means of the Conspiracy

28.     In furtherance of this conspiracy, and to accomplish its object, the methods, manner, and means that were used are described in Paragraphs 1 through 10 of this

12

Indictment and are realleged and incorporated by reference as though fully set forth herein.

29.     In furtherance of the conspiracy and to effect the objects of the conspiracy, the following over acts, among others, were committed in the Eastern District of Michigan and elsewhere:

      a. In or about May 2020, in the Eastern District of Michigan, the defendants caused the submission of false statements to Celtic Bank in connection with a PPP loan application on behalf of D&H Market, Inc.

      b. In or about July 2020, in the Eastern District of Michigan, the defendants caused the submission of false statements to First Home Bank in connection with a PPP loan application on behalf of Different Flavors 14355, Inc.

All in violation of Title 18, United States Code, Section 371.

## COUNTS TEN THROUGH TWELVE

**(18 U.S.C. §§ 1014 and 2– False Statement in Connection with a Bank Loan)**

30.     The allegations in Paragraphs 1 through 10 are incorporated into this count by reference.

31.     On or about the dates specified as to each count below, in the Eastern District of Michigan, and elsewhere, the defendants, as specified below, did knowingly make a false statement for the purpose of influencing the specified depository institutions

with accounts insured by the Federal Deposit Insurance Corporation in connection

with a loan, in that the defendants knowingly prepared and presented to the specified

depository institutions PPP loan applications containing false statements as

described below:

| Count | Defendant(s) | Approx. Date | Financial Institution | Application Entity | False Statements |
|---|---|---|---|---|---|
| 10 | RITA SHABA SAMER KAMMO | May 2020 | Celtic Bank | D&H Market, Inc. | False average monthly payroll; false number of employees; false applicant name and signature; false certification regarding use of proceeds; false supporting tax records; false supporting health insurance records; false supporting bank records |
| 11 | RITA SHABA | May 2020 | Cross River Bank | Green Gold Rush LLC | False average monthly payroll; false number of employees; false certification regarding use of proceeds; false supporting tax records |
| 12 | RITA SHABA SAMER KAMMO | July 2020 | First Home Bank | Different Flavors 14355, Inc. | False average monthly payroll; false number of employees; false applicant name |

| | | | | | and signature; false certification regarding use of proceeds; false supporting tax records; false supporting bank records |
|---|---|---|---|---|---|

## **COUNT THIRTEEN**

### **(18 U.S.C. § § 1028(A) and 2—Aggravated Identity Theft)**

32.    From at least in or around approximately May 2020, through at least in or around approximately July 2020, in the Eastern District of Michigan, and elsewhere, the defendants,

### **D-1 RITA SHABA**
### **D-2 SAMER KAMMO**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, C.B., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028(A)(C), to wit, Conspiracy to Commit Wire Fraud and Bank Fraud (18 U.S.C. § 1349), as alleged in Count One of this Indictment, knowing that the means of identification belonged to another actual person.

## COUNT FOURTEEN

### (18 U.S.C. § § 1028(A) and 2—Aggravated Identity Theft)

33.     From at least in or around approximately May 2020, through at least in or around approximately July 2020, in the Eastern District of Michigan, and elsewhere, the defendants,

### D-1 RITA SHABA
### D-2 SAMER KAMMO

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, M.F., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028(A)(C), to wit, Conspiracy to Commit Wire Fraud and Bank Fraud(18 U.S.C. § 1349), as alleged in Count One of this Indictment, knowing that the means of identification belonged to another actual person.

## COUNT FIFTEEN

### (18 U.S.C. § § 1028(A) and 2—Aggravated Identity Theft)

34.     In or around approximately July 2020, in the Eastern District of Michigan, and elsewhere, the defendants,

### D-1 RITA SHABA
### D-2 SAMER KAMMO

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, B.A, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028(A)(C), to wit, Conspiracy to Commit Wire Fraud

16

and Bank Fraud (18 U.S.C. § 1349), as alleged in Count One of this Indictment,

knowing that the means of identification belonged to another actual person.

## FORFEITURE ALLEGATIONS
### 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c), 18 U.S.C. 982(a)(2)

35.    The allegations contained in Counts One through Eighteen of this Indictment

are incorporated by reference for the purpose of alleging forfeiture pursuant to the

provisions of 18 U.S.C. 981(a)(1)(C) together with 28 U.S.C. § 2461(c), and 18

U.S.C. § 982(a)(2).

36.    As a result of the violation of 18 U.S.C. § 1349 as set forth in Count One of

this Indictment, the defendants shall forfeit to the United States any property, real or

personal, which constitutes or is derived from proceeds traceable to the offense.

37.    As a result of the violations of 18 U.S.C. § 1343 and 2 as set forth in Counts

Two through Five of this Indictment, the defendants shall forfeit to the United States

any property, real or personal, which constitutes or is derived from proceeds

traceable to the offense.

38.    As a result of the violations of 18 U.S.C. § 1344(2) and 2, as set forth in

Counts Six through Eight of this Indictment, the defendants shall forfeit to the United

States any property constituting, or derived from, proceeds the person obtained

directly or indirectly, as the result of the offense.

17

39.     As a result of the violation of 18 U.S.C. § 371, as set forth in Count Nine of

this Indictment, the defendants shall forfeit to the United States any property, real or

personal, which constitutes or is derived from proceeds traceable to the offense.

40.     As a result of the violation of 18 U.S.C. § 1014 and 2, as set forth in Count

Ten of this Indictment, the defendants shall forfeit to the United States any property

constituting, or derived from, proceeds the person obtained directly or indirectly, as

the result of the offense.

41.     Such property includes, but is not limited to:

    a.  $8,900.00 U.S. Currency;

    b.  $9,835.58 in funds from Bank Account Number XXXXX7115 held in
the name of Forever Beauty, LLC at JPMorgan Chase Bank, Clinton
Township, MI;

    c.  $50,247.23 in funds from Bank Account Number XXXXXX3967 in the
name of Rita A. Shaba at Michigan Schools and Government Credit
Union, Clinton Township, MI;

    d.  $67,029.74 in funds from Bank Account Number XXXXX0622 in the
name of Slewai S. Allos at JP Morgan Chase, Troy, MI;

    e.  $498,027.99 in funds from Bank Account Number XXXXXX9267 in
the name of C&S Detroit Property LLC and/or Samer Kammo and/or
Christina Anasi at Comerica Bank in Macomb, MI;

f.  $205,898.76 in funds from Bank Account Number XXXXXX9259 held in the name of C & S Liquor and/or Samer Kammo and/or Christina Anasi at Comerica Bank, Macomb, MI;

g.  $761,414.32 in funds from Bank Account Number XXXXX1221 held in the name of Rita A. Shaba at JPMorgan Chase Bank, Clinton Township, MI;

h.  $74,367.15 in funds from Bank Account Number XXXXX7115 held in the name of Forever Beauty, LLC at JPMorgan Chase Bank, Clinton Township, MI;

i.  $201,656.48 in funds from Bank Account Number XXXXXX2405 held in the name of W Shallal LLC DBA Mound Express at Comerica Bank, Macomb, MI;

j.  $55,000.00 in funds from Bank Account Number XXXXXX4936 held in the name of Christina Anasi, in trust for Samer Kammo at Comerica Bank, Macomb, MI;

k.  $125,500.00 in funds from Bank Account No. XXXXXX5175 in the name of Christina Anasi, in trust for Samer Kammo at Comerica Bank in Macomb, MI; and

l.   $53,083.08 in funds from Account No. XXXXX9370 in the name of Anasi Detroit Property, LLC at JPMorgan Chase in Clinton Township, MI.

42.   **Money Judgment**: Such property further includes, but is not limited to, a money judgment in an amount to be determined, representing the proceeds the defendant obtained as a result of such violation.

43.   **Substitute Assets**:  Pursuant to 18 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), each defendant shall forfeit substitute property, up to the value of the properties identified for forfeiture, if, by any act or omission of the defendant: the properties identified for forfeiture cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property which cannot be divided without difficulty.

THIS IS A TRUE BILL

*s/Grand Jury Foreperson*
GRAND JURY FOREPERSON

DAWN N. ISON
United States Attorney

*s/John K. Neal*
JOHN K. NEAL
Chief, White Collar Crimes

*s/Andrew J. Yahkind*
ANDREW J. YAHKIND
Assistant U.S. Attorney

Dated:  May 24, 2023

21

**ORIGINAL**

| (Companion Case information MUST be completed by AUSA and initialed) |
|---|

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | **Case Number** |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| Companion Case Information | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** |
| ☐ Yes    ☒ No | **AUSA's Initials:** AJY |

**Case Title:** USA v.  D-1 Rita Shaba, D-2 Samer Kammo

**County where offense occurred :**  Macomb

**Check One:**        ☒ **Felony**            ☐ **Misdemeanor**            ☐ **Petty**

    ✔ Indictment/____ Information --- **no** prior complaint.

    ____ Indictment/____ Information --- based upon prior complaint [Case number:        ]

    ____ Indictment/____ Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____    **Judge:** _____

    ☐ Corrects errors; no additional charges or defendants.
    ☐ Involves, for plea purposes, different charges or adds counts.
    ☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

| 5-24-23 | s/Andrew J. Yahkind |
|---|---|
| Date | |

Andrew J. Yahkind
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone:(313) 226-9565
Fax:    (313) 226-2873
E-Mail address: Andrew.yahkind@usdoj.gov
Attorney Bar #:

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.